DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, denying appellant postconviction relief. Because the trial court properly found that appellant's motion was untimely filed, we affirm its judgment.
On June 23, 1987, appellant, Ernest Tyler, pled guilty to and was convicted of multiple felonies involving the receipt of stolen property and theft. Appellant was sentenced to a term of nine to fifteen years in prison.
On October 5, 1999, appellant filed a Motion for Relief from Judgment pursuant to Civ.R. 60(B), which the trial court construed to be a petition for postconviction relief under R.C. 2953.21. The court found, however, that appellant's petition was untimely filed, and denied him relief.
Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellant's counsel, pursuant to the guidelines established in Anders v. California
(1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493. Counsel states that, after careful review of the record and legal research, he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review. Counsel argues two potential errors "that might arguably support appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. We note that appellant has filed a brief on his own behalf, arguing essentially the same issues as those proposed by counsel.
We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights.
Upon consideration, we conclude that counsel's brief was consistent with the requirements set forth in Anders, supra andPenson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346,102 L.Ed.2d 300. The two proposed assignments of error set forth by counsel are as follows:
 "I. DEFENDANT-APPELLANT ERNEST TYLER ASSERTS HE WAS HIS PLEA [SIC] AND SENTENCE WAS PLAIN ERROR AS THE VIOLENCE SPECIFICATION RELIED UPON BY THE TRIAL COURT [SIC] IMPROPER, THEREBY CREATING A VOID JUDGMENT AND DIVESTING THE TRIAL COURT OF SUBJECT MATTER JURISDICTION.
 "II. DEFENDANT-APPELLANT ERNEST TYLER ASSERTS HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS HIS TRIAL COUNSEL IMPROPERLY ALLOWED HIM TO ENTER A GUILTY PLEA TO A SPECIFICATION OF VIOLENCE WHEN HE WAS NOT PREVIOUSLY CONVICTED OF AN OFFENSE OF VIOLENCE."
R.C. 2953.21, provides that appeals for postconviction relief must be filed no later than one hundred eighty days after the time expired for filing an appeal. In this case, appellant filed his Motion for Relief from Judgment on October 5, 1999. This was well past the one hundred eighty days allowed for filing an appeal for postconviction relief as specified in R.C. 2953.21. Therefore, the trial court was correct in denying appellant's Motion for Relief from Judgment due to untimely filing. Since appellant's motion was untimely filed, the two proposed assignments of error and the arguments presented by appellant are moot.
We conclude, therefore, that this case presents no arguable issues meriting review; we further determine this appeal to be without merit and wholly frivolous. Appellant counsel's motion to withdraw is hereby granted. The judgment of the Lucas County Court of Commons Pleas is affirmed. Court costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J. JUDGES CONCUR.
 ____________________________ James R. Sherck, J.